UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**NATIONAL AUTOMOTIVE
INTEGRITY, INC.**
        **Plaintiff,**

      v.                                                   Case No. 03-C-0584

**INTERNATIONAL DATA
INCORPORATED et al.**
        **Defendants.**

## DECISION AND ORDER

This decision and order addresses defendants' First Motion in Limine.

**A. John Peters Testimony**

    **1. Issue Preclusion**

Defendants argue that issue preclusion, also known as collateral estoppel, bars plaintiff from offering the testimony of John Peters, who will testify that the value of NAI in June 2000 was $572,000. On July 17, 2000, defendant Schlei filed a petition to dissolve NAI in Illinois state court. Deuster removed the action to federal court based on diversity of citizenship. Schlei filed a motion to remand the case to state court on the ground that, because NAI was worth only $1,454.89, the amount in controversy did not exceed $75,000. The district judge agreed with Schlei and remanded the case to state court. Defendants argue that the district judge's finding that NAI was worth $1,454.89 on July 17, 2000 precludes plaintiff from arguing that NAI had a greater value in June 2000. However, the district judge's order remanded the case for lack of subject matter jurisdiction, and such an order is not appealable and thus lacks preclusive effect. Benson v. SI Handling Sys.,

188 F.3d 780, 783 (7th Cir. 1999); Health Cost Controls of Illinois, Inc. v. Washington, 187 F.3d 703, 708 (7th Cir. 1999); Warner/Elektra/Atl. Corp. v. County of DuPage, 991 F.2d 1280, 1282-83 (7th Cir. 1993). Accordingly, issue preclusion does not bar Peters's testimony.

### 2. Relevance

Defendants also argue that Peters's testimony as to the value of NAI in June 2000 is irrelevant because NAI did not suffer any damages as a result of defendants' conduct until September 2000. However, NAI's theory of the case is that defendants committed unlawful acts as early as June 2000 and that those acts began impacting NAI's value at that time. Although defendants disagree with plaintiff's theory, their disagreement is over a question of fact, which is for the jury to resolve. Thus, plaintiffs are free to argue that the June 2000 valuation of NAI is the proper starting point from which to measure NAI's damages, and defendants are free to argue that it is not. So long as plaintiff offers evidence from which a reasonable jury could conclude that June 2000 is the proper starting point, I will allow Peters's testimony.

### B. Breach of Fiduciary Duty Claim

Defendants argue that plaintiff's breach of fiduciary duty claim is barred by a two-year statute of limitations. Although a motion in limine is not the proper procedural vehicle through which to request dismissal of a claim,[1] and although I could find that defendants forfeited their statute of limitations defense by not raising it before the dispositive motion

---

[1] A motion in limine is a motion to exclude anticipated prejudicial evidence before the evidence is offered. Luce v. United States, 469 U.S. 38, 40 & n.2 (1984); see also Black's Law Dictionary 1033 (7th ed. 1999). Clearly, a motion seeking dismissal of a claim, not the exclusion of evidence, is not a motion in limine.

2

deadline, plaintiff does not dispute that the statute of limitations bars its breach of fiduciary duty claim and states that this does not matter because all of the conduct underlying such claim is actionable under other counts. Thus, in order to simplify the issues for trial, I will dismiss the breach of fiduciary duty claim.

**C. Conversion Claim**

Defendants argue that plaintiff's conversion claim should be dismissed because it is not cognizable and is preempted by the Copyright Act. Again, however, parties may not request dismissal of a claim in a motion in limine. Further, I conclude that defendants forfeited these arguments by failing to raise them prior to the dispositive motion deadline. In any event, defendants' arguments fail on their merits.

First, defendants argue that plaintiff's conversion claim is incognizable because defendants only copied plaintiff's software and did not deprive plaintiff of possession or use of such software. However, even if copying is not conversion, plaintiff alleges more than that defendants copied its software. Plaintiff alleges that defendants stole the discs containing its software and disabled its ability to access the software without the discs. Even under defendants' version of the law, these allegations state a claim for conversion.

Second, defendants argue that plaintiff's conversion claim is preempted by the Copyright Act because the Act preempts any claim that one party copied the other's copyrighted work. However, plaintiff's conversion claim does not depend on defendants' having copied its program. Rather, as stated, plaintiff alleges that defendants stole its discs and disabled its ability to use its software without the discs. Plaintiff may seek damages for this conduct independently of its claim under the Copyright Act that

3

defendants' unlawfully copied its software. Thus, plaintiff's conversion claim is not preempted by the Copyright Act.

### D. Tape Recordings

Defendants argue that tapes of conversations covertly recorded by Deuster are inadmissible, along with any references to such tapes. Plaintiff agrees that this evidence is inadmissible, and thus defendants' motion in limine regarding the tapes will be granted.

### E. Darnell Deposition Exhibits

Finally, defendants argue that exhibits one and two from the deposition of David Darnell are inadmissible as hearsay and because plaintiff has not authenticated them. However, plaintiff intends to show at trial that the documents fall within the hearsay exception for documents kept in the ordinary course of business, Fed. R. Evid. 803(6), and are authentic.[2] Thus, defendants' motion in limine regarding these exhibits is denied.

**For the reasons stated,**

**IT IS ORDERED** that plaintiff's breach of fiduciary duty claim is **DISMISSED**.

**IT IS FURTHER ORDERED** that defendants' motion in limine, insofar as it pertains to tape recorded conversations, is **GRANTED**.

---

[2]Plaintiff argues that defendants already stipulated to the authenticity of these documents, and cites pages 43 to 45 of the Darnell Deposition. However, the deposition does not contain an unequivocal stipulation regarding authenticity. Rather, it states only that "subject to [defendants'] review" of the documents, "there's no objection as to their authenticity." The record does not reveal whether defendants objected upon reviewing the documents, and the stipulation is ambiguous as to whether it was intended to be a stipulation regarding admissibility at trial. Thus, if plaintiff intends to rely on this stipulation in lieu of authenticating the documents at trial, further argument may be necessary.

4

**FINALLY, IT IS ORDERED** that defendants' motion in limine is in all other respects **DENIED**.

Dated at Milwaukee, Wisconsin, this 29 day of April, 2005.

s/_____
LYNN ADELMAN
District Judge

5